August 3, 2007

The Honorable Raymond H. Reese
DeWitt County Attorney
307 North Gonzales Street
Cuero, Texas 77954

Opinion No. GA-0559

Re: Calculation of the "base year" from which to impose a tax freeze adopted by county voters in November 2005 (RQ-0575-GA)

Dear Mr. Reese:

You ask about implementing in DeWitt County the tax limitation authorized by Texas Constitution article VIII, section 1-b(h).[1] This provision allows certain political subdivisions to limit increases in the amount of ad valorem taxes imposed on the homesteads of persons with disabilities or persons sixty-five years of age or older. *See* TEX. CONST. art. VIII, § 1-b(h). The constitutional provision reads as follows:

> (h) The governing body of a county, a city or town, or a junior college district by official action may provide that if a person who is disabled or is sixty-five (65) years of age or older receives a residence homestead exemption prescribed or authorized by this section, the total amount of ad valorem taxes imposed on that homestead by the county . . . may not be increased while it remains the residence homestead of that person. . . . *As an alternative, on receipt of a petition signed by five percent (5%) of the registered voters of the county . . . , the governing body of the county . . . shall call an election to determine by majority vote whether to establish a tax limitation provided by this subsection.*

*Id.* (emphasis added).

Tax Code section 11.261 sets out procedures for implementing the section 1-b(h) tax limitation. *See* TEX. TAX CODE ANN. § 11.261(b) (Vernon Supp. 2006). The term "base year" refers to the first tax year in which a taxpayer qualifies a residence homestead for the tax limitation. *See*

---

[1]*See* Letter from Honorable Raymond H. Reese, DeWitt County Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Mar. 2, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

*id.* § 11.261(b) (tax officials are to appraise property subject to the limitation and calculate taxes as on other property, but the tax may not exceed the 11.261(b) limitation); Tex. Att'y Gen. Op. No. GA-0222 (2004) at 4. The property taxes on a qualified residence homestead are limited in subsequent years to the amount of tax imposed in the taxpayer's base year, subject to certain exceptions. *See* TEX. CONST. art. VIII, § 1-b(h); TEX. TAX CODE ANN. § 11.261(b) (Vernon Supp. 2006).

DeWitt County voters adopted the tax limitation at an election held on November 8, 2005. Request Letter, *supra* note 1, at 2. The ballot for the election read in part:

> Authorizing the County of DeWitt to establish a limitation ("freeze")
> on the ad valorem property taxes imposed on the residence homestead
> of a person who is disabled or is sixty-five (65) years of age or older
> and receives a residence homestead exemption . . . .

*Id.* at 1 (quoting ballot for Special Election, Dewitt County, Texas).

You state that the election results were canvassed and certified by the DeWitt County Commissioners Court on November 21, 2005, but the commissioners court did not adopt a resolution to implement the tax freeze during 2005. *See id.* at 2. The DeWitt County Commissioners Court adopted the 2006 appraisal roll in July 2006, and the notices of appraised value were sent out in October 2006 without freezing the tax on any qualified homestead to the tax imposed in 2005.[2] No formal protests about the appraisal district's failure to use 2005 as the base year were filed with the DeWitt County Appraisal District. *See* Request Letter, *supra* note 1, at 2. The delinquency date for 2006 property taxes was February 1, 2007. *See* TEX. TAX CODE ANN. § 31.02(a) (Vernon Supp. 2006).

In connection with this background, you ask the following questions:

1.   Can the DeWitt County Commissioners Court take formal action at this time to implement 2005 as the base year for the limitation causing the completed appraisal roll for 2006 to be changed?

2.   If the answer to Question No 1 is "no," is 2006 an appropriate base year for the limitation based upon the facts?

Request Letter, *supra* note 1, at 2. Your questions relate to the first year that the section 1-b(h) tax limitation will be available for qualified residence homesteads in your county.

---

[2]*See* Brief from Honorable Raymond H. Reese, DeWitt County Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 5 (Mar. 2, 2007) (on file with the Opinion Committee).

We address your questions by considering the language of Texas Constitution article VIII, section 1-b(h) and Tax Code section 11.261. When construing a statute, the courts seek to determine the Legislature's intent which, when possible, is discerned from the plain meaning of the words chosen. *See State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). An interpretation of the Texas Constitution also relies on its literal text and gives effect to its plain language. *See Doody v. Ameriquest Mortgage Co.*, 49 S.W.3d 342, 344 (Tex. 2001) (citing *Stringer v. Cendant Mortgage Corp.*, 23 S.W.3d 353, 355 (Tex. 2000)).

We look carefully at the language of the constitutional provision. The first sentence allows the governing body of a county or certain other political subdivisions to provide for the tax freeze "by official action." TEX. CONST. art. VIII, § 1-b(h). The second sentence provides that "[a]s an alternative, on receipt of a petition signed by five percent (5%) of the registered voters of the county, . . . the governing body of the county . . . shall call an election to determine by majority vote whether to establish a tax limitation provided by this subsection." *Id.* An "alternative" is an "offer of two things of which either may be agreed to, but not both; permission to choose between two things." I OXFORD ENGLISH DICTIONARY 368 (2d ed. 1989). Thus, the tax freeze may be established in a county in one of two possible ways: the commissioners court may act to establish the tax freeze, or a majority of voters may decide at an election whether to establish it.

While the commissioners court generally exercises authority vested in the county, article VIII, section 1-b(h) provides an exception to this usual rule. *See* TEX. CONST. art. V, § 18(b) ("[T]he County Commissioners Court . . . shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed."); *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 27 (Tex. 2003) (county commissioners court's primary duty is to administer the county's business affairs). Under article VIII, section 1-b(h), the voters may decide to establish the tax freeze for the county as an alternative to action by the commissioners court. The ballot in the DeWitt County election allowed the voters to vote for or against "[a]uthorizing the County of DeWitt to establish a limitation ("freeze")." Request Letter, *supra* note 1, at 1 (quoting ballot for Special Election, Dewitt County, Texas). By a favorable vote on this proposition, the voters exercised DeWitt County's authority to establish the tax limitation, as an alternative to action by the commissioners court. No action by the DeWitt County Commissioners Court is necessary to implement the tax freeze authorized by the voters.

A prior opinion of this office, Attorney General Opinion M-1283 (1972) supports our reading of article VIII, section 1-b(h). This opinion addressed Texas Constitution article VIII, section 1-b(b), which authorized the governing body of a county or other political subdivision to "exempt by its own action not less than Three Thousand Dollars ($3,000) of the assessed value of residence homesteads of persons sixty-five (65) years of age or older" from ad valorem taxes. Tex. S.J. Res. 7, § 1, 62d Leg., R.S., 1971 Tex. Gen. Laws 4126, 4126. Like section 1b(h), section 1-b(b) authorized voters to adopt the tax freeze: "[a]s an alternative, upon receipt of a petition" signed by a certain percent of the voters "the governing body of the subdivision shall call an election to determine by majority vote" whether certain residence homesteads should have the exemption. *Id.* Attorney General Opinion M-1283 stated that if an election were called, "the majority vote would then be binding on the governing body of that political subdivision." Tex. Att'y Gen. Op. No. M-1283 (1972) at 2. The

majority vote of the election in DeWitt County called pursuant to section 1-b(h) is binding on the DeWitt County Commissioners Court. The tax limitation is effective by vote of the people and the commissioners court has no authority to determine when or whether it will be implemented.

Tax Code section 11.261 establishes the tax year when the limitation first becomes available to taxpayers with a qualified residence homestead.[3] *See* TEX. TAX CODE ANN. § 11.261(b) (Vernon Supp. 2006). It states as follows:

> (a) This section applies only to a county, municipality, or junior college district that has established a limitation on the total amount of taxes that may be imposed by the county . . . on the residence homestead of a disabled individual or an individual 65 years of age or older under Section 1-b(h), Article VIII, Texas Constitution.
>
> (b) . . . The county . . . may not increase the total annual amount of ad valorem taxes the county . . . imposes on the residence homestead of a disabled individual or an individual 65 years of age or older above the amount of the taxes the county . . . imposed on the residence homestead in the first tax year, other than a tax year preceding the tax year in which the county . . . established the limitation described by Subsection (a), in which the individual qualified that residence homestead for the exemption provided by Section 11.13(c) for a disabled individual or an individual 65 years of age or older.

*Id.* § 11.261.

Thus, article VIII, section 1-b(h), of the Texas Constitution as implemented by section 11.261 of the Tax Code limits taxes imposed on the qualified homestead to "the amount of the taxes the county . . . imposed on the residence homestead in the first tax year, . . . in which the individual qualified that residence homestead for the exemption provided by [Tax Code] Section 11.13(c)," except for a tax year before the tax year in which the county established the limitation. *Id.* § 11.261(b). The county established the tax limitation by election in 2005. *See* Request Letter, *supra* note 1, at 2. The "base year" is "the first tax year . . . in which the individual qualified [his] residence homestead for the exemption provided by Section 11.13(c)," excepting a year preceding 2005. TEX. TAX CODE ANN. § 11.261(b) (Vernon Supp. 2006). If a DeWitt County taxpayer qualified his homestead for the section 11.13(c) residence homestead exemption in 2005, his base year for the section 1-b(h) tax limitation is 2005.

---

[3]The voters' petition to the commissioners court and the ballot proposition did not identify a base year. *See* Request Letter, *supra* note 1, at 1–2.

We turn to section 11.13(c) of the Texas Tax Code, which provides that "an adult who is disabled or is 65 or older is entitled to an exemption from taxation by a school district of $10,000 of the appraised value of his residence homestead." *Id.* § 11.13(c). The tax exemption under section 11.13(c) is effective as of January 1 of the tax year in which the person qualifies for it and it applies to the entire year. *See id.* § 11.42(c). Accordingly, a taxpayer whose residence homestead qualified for the section 11.13(c) tax exemption in 2005 was entitled to have his homestead taxes frozen at the amount imposed in 2005, subject to exceptions found in section 11.261. The year 2005 is the base year for such taxpayers, and the commissioners court has no authority to establish 2006 as their base year.

You argue that the DeWitt County Commissioners Court may not implement 2005 as the base year for the tax limitation because the 2006 tax roll has been completed and Tax Code section 26.15(a) states that "[e]xcept as provided by Chapters 41 and 42 of this code and in this section, the tax roll for a taxing unit may not be changed after it is completed." *Id.* § 26.15(a) (Vernon 2001); *see also id.* §§ 26.15(c) (authorizing changes in the tax roll to correct errors in the mathematical computation of a tax); 41.08–.10 (corrections by or on order of appraisal review board); 42.41 (Vernon Supp. 2006) (correction of records to reflect final determination of an appeal to the courts).

Whether the commissioners court may change the 2006 tax roll is irrelevant to determining the base year. As we have shown, the base year is established by statute, and the DeWitt County Commissioners Court has no authority to determine when the tax freeze will be implemented. The year 2005 is the base year for taxpayers whose homesteads qualified in that year for the tax freeze. Taxes on their homesteads will be frozen at 2005 levels as long as the homesteads qualify for the section 1-b(h) tax freeze. That is, 2005 will be the base year for such taxpayers in 2007, 2008, 2009, and all subsequent years as long as the homestead continues to qualify. The commissioners court's failure to recognize 2005 as the base year for these individuals does not permit the court to designate another year as the base year.[4]

---

[4]We do not consider whether a taxpayer whose base year is 2005 may receive a refund of a property tax overpayment made in 2006. *See Dallas County Cmty. Coll. Dist. v. Bolton*, 185 S.W.3d 868, 876–78 (Tex. 2005) (a person who has paid an illegal tax may receive a refund only upon a showing that the payment resulted from fraud, mutual mistake of fact, or duress).

## S U M M A R Y

Texas Constitution article VIII, section 1-b(h) authorizes counties to adopt a tax limitation or "freeze" applicable to the residence homesteads of persons who are disabled or sixty-five years of age or older. The property taxes on a qualified residence homestead are limited in subsequent years to the amount of tax imposed in the base year. In DeWitt County, where the voters adopted the tax limitation, the limitation became effective and the base year was established without action by the commissioners court. For DeWitt County taxpayers whose residence homesteads qualified for the tax limitation in 2005, the base year is 2005.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee